UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                         NO. 16-214

JOBIE CREAR                                SECTION "R" (5)


**ORDER AND REASONS**

Before the Court is the Government's motion to amend defendant Jobie Crear's judgment.[1] For the following reasons, the motion is denied.

## I.   BACKGROUND

On December 3, 2016, defendant Jobie Crear was charged by bill of information with conspiracy to pay and receive illegal healthcare kickbacks.[2] According to the presentence investigation report, the factual findings of which the Court adopted as its own, defendant owned and operated Comprehensive Nursing and Home Health Service, Inc. (Comprehensive).[3] Comprehensive routinely paid kickbacks to individuals for referring Medicare patients.[4] In total, Comprehensive paid $231,034 in illegal

---

1   R. Doc. 60.
2   R. Doc. 1.
3   R. Doc. 44 at 9.
4   *Id.*

kickbacks.[5] One patient recruiter, Saquena Griffin, received kickbacks in the amount of $42,200.[6] The total amount of billings for patients who were illegally referred to Comprehensive was at least $810,556.[7] The presentence report called for defendant to pay restitution in that amount, and also stated that Griffin was jointly and severally liable for $378,274.[8]

Defendant pleaded guilty on April 7, 2017. The plea agreement contains the following language: "The defendant understands that the billing resulting from the conduct in the Bill of Information caused a loss to Medicare in the amount of $810,556. The defendant agrees to pay that amount in restitution . . . ."[9] On May 22, 2018, the Court sentenced defendant to eight months imprisonment. Pursuant to the terms of the plea agreement, the Court ordered defendant to pay restitution in the amount of $810,556 to Medicare.[10] The Court did not adjudge defendant jointly and severally liable with Griffin for any amount.

Griffin was prosecuted in a different section of this court. *See United States v. Griffin*, Case No. 17-22. She was sentenced on October 19, 2017, to

---

[5] *Id.* at 11.
[6] *Id.* at 10.
[7] *Id.* at 11.
[8] *Id.* at 12.
[9] R. Doc. 24 at 1.
[10] R. Doc. 59 at 6.

2

three years probation.[11] The court ordered Griffin to pay $378,274 in restitution, and specified that Griffin and Crear were jointly and severally liable for this amount.[12]

The Government now moves to correct Crear's judgment to reflect joint and several liability with Griffin for restitution.

## II. DISCUSSION

Federal Rule of Criminal Procedure 36 provides that a court "court may at any time correct a clerical error in a judgment, order, or other part of the record." Clerical errors are limited to "mindless and mechanistic mistakes." *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014) (quoting *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 505 (5th Cir. 1994)). Rule 36 does not allow a court to make substantive alterations to a sentence, and it "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of 'errors made by the court itself.'" *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (quoting *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993)).

---

[11] Case No. 17-22, R. Doc. 44 at 2.
[12] *Id.* at 7.

The Court lacks jurisdiction under Rule 36 to amend defendant's judgment. The Court ordered restitution in this case because in the plea agreement the parties agreed to the payment of restitution. *See* 18 U.S.C. § 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."). The plea agreement states that defendant agrees to pay $810,556 in restitution, and is silent as to joint and several liability with Griffin. Thus, the Court did not err in omitting that defendant and Griffin were jointly and severally liable for $378,274 in restitution.

Even if the Court did err, such error would not be clerical in nature. This is not a case in which the written judgment contradicts the oral pronouncement. *See United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008) ("[C]ourts have deemed Rule 36 the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments."). Instead, the Government seeks to substantively alter the judgment by making Crear jointly and severally liable with Griffin for $378,274 in restitution. *Cf. United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004) (holding that amendment of judgment to remove reference to joint and several liability with co-conspirator was permissible under Rule 36 because co-conspirator had not

been ordered to pay restitution). Rule 36 does not permit substantive alterations of the judgment. *See United States v. Crawley*, 463 F. App'x 418, 421 (5th Cir. 2012) ("While there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment."). Thus, the Court lacks jurisdiction to amend defendant's judgment in this case.

## IV. CONCLUSION

For the foregoing reasons, the Government's motion to amend the judgment is DENIED.

New Orleans, Louisiana, this __13th__ day of July, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE